Opinión disidente emitida por el
Juez Asociado Señor Re-bollo López.
Llega a nuestras puertas la interrogante de si la Asam-blea Legislativa de Puerto Rico, al amparo de los poderes de investigación que posee como consecuencia de su facul-tad constitucional de legislar, tiene o no el derecho de re-querir el descubrimiento de una opinión legal que fue uti-lizada por la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico (AFI) para reasignar cier-tas cuantías sobrantes de una emisión de bonos según la Resolución Conjunta 156, aprobada por la Asamblea Legis-lativa el 9 de julio de 2006. Esta acción de agencia pública, natural y obviamente, puede tener como consecuencia la utilización correcta o ilegal de fondos públicos.
*993 La Sala Superior de San Juan del Tribunal de Primera Instancia resolvió que la Cámara de Representantes no te-nía esa facultad ya que, supuestamente, no había demos-trado un verdadero interés legislativo en obtener la opi-nión legal en controversia. El Tribunal de Apelaciones, correctamente, a nuestro juicio, revocó. Razonó dicho foro que, ante los intereses involucrados, resultaba procedente devolver el caso al tribunal de instancia para que éste, uti-lizando el escrutinio estricto, examinará el documento en controversia y determinara si aplicaba o no el privilegio de abogado y cliente reclamado por AFI.
Una mayoría de los integrantes de este Tribunal ha de-cidido expedir y revisar la sentencia del Tribunal de Apelaciones. Entendemos que el recurso presentado por AFI debió ser denegado sin trámite ulterior. Es por ello que disentimos.(1)
I
El 11 de enero de 2007, la Comisión de Presupuesto y Asignaciones de la Cámara de Representantes emitió una citación dirigida al Ing. Guillermo Riera, Director Ejecu-tivo de AFI, mediante la cual requirió su comparecencia como deponente en una vista pública relativa a la aproba-ción de las Resoluciones Conjuntas de la Cámara 1884 y 1885. En la citación se le requirió la presentación de un memorial explicativo, cuyo contenido expresara los comen-tarios y puntos de vista en relación con la aprobación de las medidas legislativas.
El Director Ejecutivo de AFI se negó a asistir a la vista pública, razón por la cual la Cámara de Representantes, en virtud del poder conferido por el Código Político, acudió ante el Tribunal de Primera Instancia en solicitud de una orden de comparecencia bajo apercibimiento de desacato. *994 Expedida la orden, el Ing. Guillermo Riera fue nuevamente citado para vista pública a efectuarse el 19 de enero de 2007.
El 16 de enero de 2007, posterior a la orden expedida por el tribunal, el Presidente de la Comisión de Presu-puesto y Asignaciones de la Cámara solicitó de este funcio-nario público copia de una opinión legal, en la cual la agen-cia se basó para concluir que la Junta de Directores de AFI podía reasignar el uso de cuantías sobrantes como resul-tado de un veto en línea de asignaciones presupuestarias. Específicamente, la Comisión hizo referencia a las Resolu-ciones Conjuntas 1861 y 1862, las cuales habían sido veta-das por el Primer Ejecutivo.
Al día siguiente, AFI declinó acceder a la solicitud de entrega de la opinión legal. Argüyó que el documento era materia protegida por el privilegio de abogado-cliente, ya que en éste se discutía la posibilidad de prevalecer en un pleito iniciado por la Legislatura, ante la reasignación de ciertas cuantías sobrantes de una emisión de bonos según la Resolución Conjunta Núm. 156 de 9 de julio de 2006. Amparado en ello, presentó en el Tribunal de Primera Ins-tancia una petición de intervención para ser relevado de divulgar el contenido de la opinión legal.
Escuchados los planteamientos de ambas partes, el foro primario emitió una resolución preliminar, resolviendo que la opinión legal solicitada por la Asamblea Legislativa no podía ser divulgada en la vista pública pautada, decisión que posteriormente ratificó mediante Resolución de 13 de marzo de 2007. En esta resolución, el tribunal de instancia resolvió que la Cámara de Representantes no había demos-trado rm verdadero interés legislativo en obtener la opi-nión legal y que pretender divulgar el contenido de esa información lesionaría el derecho de AFI a consultar priva-damente con sus abogados sobre las facultades legales de la agencia.
Inconforme, la Cámara de Representantes recurrió ante el Tribunal de Apelaciones, quien revocó la determinación *995 emitida por el foro primario. El foro apelativo intermedio razonó que, ante los intereses involucrados, se requería que el tribunal de instancia examinara el documento re-querido y determinara si aplicaba el privilegio reclamado. En consecuencia, devolvió el caso al foro de instancia para la continuación de los procedimientos ulteriores.
De esta determinación recurrió el Director Ejecutivo de AFI ante este Tribunal para señalar que erró el Tribunal de Apelaciones
... al determinar que el Tribunal de Primera Instancia debía examinar la opinión legal para determinar si la misma estaba cobijada por el privilegio de abogado-cliente y si la misma deb[í]a entregarse o no a la Rama Legislativa. Petición de cer-tiorari, pág. 6.
El Tribunal, repetimos, expidió el auto. Disentimos. Creemos que la decisión del Tribunal de Apelaciones es fundamentalmente correcta, razón por la cual el recurso debe ser denegado de plano.
II
Como norma general, la facultad de la Asamblea Legis-lativa para fiscalizar al Gobierno es muy amplia e incluye la capacidad de buscar cualquier defecto en los sistemas sociales, económicos y políticos imperantes, de manera que puedan remediarse mediante legislación o por su mera divulgación, Watkins v. United States, 354 U.S. 178 (1957); poder legislativo intrínsicamente relacionado a la facultad de investigar los distintos departamentos del gobierno para exponer alguna ineficiencia, el posible desperdicio de fondos públicos e, incluso, actos de corrupción.
El ejercicio de ese poder depende grandemente de la fa-cultad que tienen los cuerpos legislativos de citar testigos a comparecer y a requerir los documentos pertinentes a las vistas, convocadas al amparo de una delegación autorizada por el cuerpo correspondiente, Hernández Agosto v. Betan- *996 court, 118 D.P.R. 79 (1986). Además, depende de las facul-tades integradas al Código Político de 1902, según enmen-dado, el cual estatutariamente autoriza al presidente de cualqúier comisión o subcomisión del Senado o de la Cá-mara de Representantes, o de una comisión o subcomisión conjunta de ambos cuerpos, a expedir una citación para requerir a un testigo la comparecencia ante un oficial in-vestigador para declarar, producir o entregar documentos u objetos o ambas cosas. 2 L.P.R.A. see. 151.
En virtud del poder investigativo de la Asamblea Legis-lativa, las comisiones legislativas pueden requerir la pro-ducción o entrega de documentos, siempre y cuando la in-vestigación que se está llevando a cabo, y dentro de la cual se hace la citación, haya sido ordenada mediante resolu-ción del cuerpo o mediante resolución concurrente de am-bos cuerpos, especificándose en ella que la comisión podrá emitir citaciones para exigir la comparecencia de los testi-gos, la presentación de documentos u objetos, o ambas cosas. 2 L.P.R.A. sec. 151b(l). Las comisiones sólo pueden dedicarse a investigar aquellos asuntos previamente asig-nados mediante una resolución debidamente aprobada. Hernández Agosto v. Betancourt, supra.
Ahora bien, y en relación con los requerimientos legisla-tivos de divulgación de comunicaciones protegidas por al-guno de los privilegios evidenciarios que pueden invocar los ciudadanos, tal como el privilegio de abogado-cliente, la Rama Ejecutiva puede reclamar válidamente la secretivi-dad de la información solicitada en aras de proteger la con-fidencialidad de su contenido. Angueira v. J.L.B.P., 150 D.P.R. 10 (2000). Respecto a las agencias públicas, éstas necesitan llevar a cabo, en un ambiente de confianza, in-tercambios internos de opiniones y de diversos puntos de vista para formular su política pública. R.C. Solomon, Wearing Many Hats: Confidentiality and Conflicts Of Interest Issues for California Public Lawyer, 25 Southwestern U.L. Rev. 265, 287 (1996).
*997 De este modo, las opiniones legales y el esfuerzo mental {work product) de un abogado que brinda sus servicios en el sector público, de ordinario, está exento de divulgación cuando el documento requerido cumpla con los criterios siguientes: (1) sea un borrador, unas notas o un memo-rando legal; (2) no sea un documento empleado durante el desempeño ordinario de la agencia, y (3) el interés público en mantener su secretividad sobrepasa el interés de su divulgación. Solomon, op. cit., pág. 285.
III
Lo expresado constituye, precisamente, la razón por la cual la decisión emitida en el caso por el Tribunal de Ape-laciones —devolviendo el caso al foro de instancia— debe de prevalecer, esto es, el fundamento por el cual procede denegar el recurso presentado.
El tribunal de instancia, luego de celebrar la vista co-rrespondiente, deberá determinar si en el caso de autos se cumple o no con los tres criterios antes enumerados; en específico, si el interés público en mantener la secretividad de la opinión legal es mayor que el interés de su divulga-ción-, teniendo presente que se trata de fondos públicos y no de fondos privados.
No puede ni debe ser de otra manera. La Asamblea Le-gislativa, en representación de la ciudadanía, tiene el de-recho a fiscalizar y controlar el gasto de los fondos públicos. En específico, la anómala situación en que una agencia del Poder Ejecutivo intenta desviar el uso de fon-dos públicos que le fueron asignados para propósitos espe-cíficos; esto es, utilizar dichos fondos para propósitos dis-tintos a los que determinó la Legislatura.
Es por ello que disentimos.

 Lo hacemos en esta etapa, ya que reo seremos miembro de este Tribunal en la fecha cuando finalmente se resuelva este caso, y queremos dejar constancia de nues-tra posición al respecto.